**HORNAK, et al., Plaintiffs, v. JANIS, et al., Defendants.**

Common Pleas Court, Summit County.

No. 149596. Decided July 17, 1945

Messrs. Ferbstein & Sicherman, Akron, for plaintiffs.
Messrs. Bailey & Bailey, Akron, for defendants.

## OPINION

By WATTERS, J.

Martin Seiler and wife, in September, gave a five year lease to the plaintiff for the premises in question for restaurant purposes. The lease was drawn on a printed form which had the usual restrictions against sale of liquor and other spirits.

The Seilers had sold beers and wines for years before when they conducted a restaurant therein. The Seilers had the correct liquor permit, and sought to have it transferred to plaintiffs, but could not. Therefore the plaintiffs secured their own permit. Mr. Seiler and his wife continued to work for the plaintiffs after the lease and sale of stock and fixtures to plaintiffs for several months.

The contract of sale stipulated that the business was to be conducted as when the Seilers had conducted it. The purchase price of the business and foods, including some wines, was $7600.00.

The premises were registered land, and upon the memorial was a restriction against the sale of liquor, etc. Apparently this was a covenant concerning only the lands in question, and was not a general plan allotment restriction.

The Court finds that the printed restriction in the lease was left in there by mutual mistake; that the Seilers and the

lessees never intended it to be in the lease, and the lease should be reformed for said reasons, and the clause should be deleted.

The general restriction against the sale of liquor, etc. in the memorial has become inoperative and of no effect, by the conduct of the Seilers and the plaintiffs, by their mutual understanding, waiver and user.

In December, 1944, the defendants, the Janises and the Pangases bought the fee to the premises from the Seilers.

The plaintiffs' lease had and has never been recorded, that is, placed upon the memorial certificate. The lease had about four years left to·run as between the Seilers and the lessees,· the plaintiffs. Title was taken by Mrs. Janis and Mrs. Pangas. The evidence shows that the defendants, Mr. Janis and Mr. Pangas, acted as agents for their wives in this transaction.

The Seilers, through their relator, advertised the sale of the fee in the Beacon Journal for $17,500.00, stating that it was a good investment as the property was leased for four years at $1800.00 per year.

If the defendant purchasers did not see this ad, they at least knew all about the outstanding lease, and from time to time ate in the lessee's place, and Mr. Janis, I believe it was, had from time to time sought to induce the lessees, the Hornaks, to sell the business to the prospective purchasers, the Janises and Pangases.

About November 14, 1944, before the deal was actually consummated by a deed to the purchasers, Pangas and Janis paid off a $7500.00 mortgage outstanding against the premises to the Firestone Bank.

The Court has examined the warranty deed to the fee, from the Seilers to Mrs. Pangas and Mrs. Janis. It was not offered in evidence, but naturally is tied up with the whole transaction, and is a public record. The original deed is on file in the Torrens Department of the County Recorder, as Document No. 62387, and the Court admits said instrument in the case, and a photostatic copy thereof should be substituted herein.

It is interesting to note that therein the Seilers warrant said premises free and clear of all incumbrances except certain taxes. No mention is made of any restriction on the sale of liquor, wines, etc., and although the Seilers knew there was an outstanding four year lease, and the purchasers knew it also, no mention or exception of said lease was made in the deed executed December 4, 1944.

Two days later the lessees received the notice to vacate from the purchasers' attorney, Mr. Lorie. The letter or notice said in part:

"after reviewing the conditions in the **lease** executed and entered into by the former owner with you, and a visit made to the premises, we find that you have breached some of the conditions of the lease, thereby making it null and void."

Then followed an instruction or notice to vacate.

Suit was started in Municipal Court to get possession. This action is to reform the lease and to permanently enjoin the forcible entry case in ·Municipal Court.

**Sec. 8572-25 GC** says in part:

"and every subsequent purchaser of. registered land who takes a certificate of title for value and **in good faith** shall hold the same free from all estates and encumbrances except those noted on the certificate * * * *."

Then follow certain exceptions that are liens, etc. even though not on the certificate. We are not concerned with said exceptions, but one is of interest, to-wit:

"Fourth: Any lease for a term not exceeding three years, ·when there is actual possession under the lease."

It might be argued and maintained here that the lease here in any event was good for at least three years, because of the above exception, even though not upon the registered memorial.

The argument against that would be that a lease for three years or less does not have to be recorded at all. However it is not necessary to decide that point. The Court here holds that although the fee purchasers were purchasers for value from the Seilers, to-wit, $17,500.00, they were not purchasers in good faith under §8572-25 GC.

All the evidence by stipulation and otherwise, together with the exhibits, etc., convinces the court beyond any doubt that the purchasers had actual knowledge of the lease as to all its terms, and knew that thereunder in reality the lessees had the right to sell beers and wines. They, having dealt with their eyes open, and with full knowledge of the true facts, are estopped to rely upon the fact that the lease was not spread upon the Seiler memorial or upon their own. With the

464

actual knowledge they had, and under the circumstances, they were not purchasers in good faith under the statute or in equity and good conscience.

This principle has been fully discussed and followed by the Supreme Court of Ohio in:

Shaker Corlett Land Co. v Cleveland, 139 Oh St 536, and cases cited therein.

In Syllabus (5) the Supreme Court held:

"A subsequent purchaser of registered lands who receives a certificate of title without good faith takes the lands subject to an outstanding equity."

The plaintiffs are entitled to reformation of the lease and a permanent injunction against the forcible entry case in Municipal Court, and to a decree finding that the purchasers hold the fee subject to all the terms of the plaintiffs' lease.

Exceptions noted.